UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

           - v. -                 :          07 Cr. 1050 (DLC)

AUBREY POWELL,                    :

           Defendant.             :

- - - - - - - - - - - - - - - - x


**GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**


                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                    of America


JEFFREY ALBERTS
DAVID S. LEIBOWITZ
Assistant United States Attorneys
       -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

       - v. -                :        07 Cr. 1050 (DLC)

AUBREY POWELL,                          :

        Defendant.              :

- - - - - - - - - - - - - - - - x


### GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

TABLE OF CONTENTS

                                                                    PAGE

REQUEST NO. 1   General Requests . . . . . . . . . . . . . . .   1

REQUEST NO. 2   The Indictment . . . . . . . . . . . . . . .   2

REQUEST NO. 3   Summary of the Indictment  . . . . . . . . .   3

REQUEST NO. 4   Count One: Illegal Reentry into the United States
                following deportation – General Instruction
                (8 U.S.C. §§ 1326(a) & (b)(2))  . . . . . . .   4

REQUEST NO. 5   Count One:  Illegal Reentry into the United States
                following deportation –
                Elements of the Offense . . . . . . . . . .   5

REQUEST NO. 6   Count One: Illegal Reentry into the United States
                following deportation –
                First Element, Alienage . . . . . . . . . .   6

REQUEST NO. 7   Count One: Illegal Reentry into the United States
                following deportation –
                Second Element, Previous Deportation . . . . .   7

REQUEST NO. 8   Count One:  Illegal Reentry into the United States
                following deportation –
                Third Element, Reentry into the United States   8

REQUEST NO. 9   Count One: Illegal Reentry into the United States
                following deportation –
                Fourth Element, Lack of Consent to Reenter . .  10

REQUEST NO. 10  Venue  . . . . . . . . . . . . . . . . . . .  11

REQUEST NO. 11  Defendant's Right Not to Testify
                [If Requested By The Defendant] . . . . . . .  12

REQUEST NO. 12  Defendant's Testimony [Requested Only If Defendant
                Testifies] . . . . . . . . . . . . . . . . .  13

REQUEST NO. 13  Law Enforcement Witnesses . . . . . . . . . .  14

REQUEST NO. 14  Particular Investigative Techniques
                Not Required [If Applicable] . . . . . . . .  15

REQUEST NO. 15  Preparation of Witnesses [If Applicable] . . .  16

REQUEST NO. 16 Expert Testimony [If Applicable] . . . . . . .    17

REQUEST NO. 17 Character Testimony [If Applicable] . . . . .    19

REQUEST NO. 18 Improper Considerations: Race, Religion, National
               Origin, Sex or Age  . . . . . . . . . . . . .    20

REQUEST NO. 19 Improper Considerations: Sympathy . . . . . .    21

REQUEST NO. 20 Stipulations . . . . . . . . . . . . . . . .    22

REQUEST NO. 21 Variance in Dates . . . . . . . . . . . . .    23

REQUEST NO. 22 Conclusion . . . . . . . . . . . . . . . . .    24

**REQUEST NO. 1**
**General Requests**

       The parties respectfully request that the Court provide its usual instructions with respect to the following matters:

    a.    Function of Court and Jury

    b.    All Parties as Equals Before the Court

    c.    What Is and Is Not Evidence

    d.    Rulings on Evidence and Objections

    e.    Government Treated Like Any Other Party

    f.    Definitions and Examples of Direct and Circumstantial Evidence

    g.    Inferences

    h.    Credibility of Witnesses

    i.    Interest in Outcome

    j.    Right to See Exhibits and Have Testimony Read During Deliberations

    k.    Sympathy:  Oath as Jurors

    l.    Punishment Is Not to Be Considered by the Jury

    m.    Consider Each Count Separately

    n.    Verdict of Guilt or Innocence Must be Unanimous

**REQUEST NO. 2**
**The Indictment**

The defendant is formally charged in an Indictment.  The Indictment is a charge or accusation.  It is not evidence.  I will first summarize the charge contained in the Indictment, and then I will explain in detail the elements of the offense.

**REQUEST NO. 3**
**Summary of the Indictment**

Count One of the Indictment charges that the defendant, being an alien, was found in the United States from in or about September 2007, up to and including on or about November 5, 2007, after having been previously deported from the United States and without having received express permission to reapply for admission.

**REQUEST NO. 4**
**Count One: Illegal Reentry into the United States following**
**deportation (8 U.S.C. §§ 1326(a) & (b)(2))**

The Indictment charges the defendant with the crime of illegally reentering the United States following deportation, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

Section 1326(a) provides that it is unlawful for any alien who has been deported to enter, attempt to enter, or be found in the United States unless, prior to his departure from a place outside of the United States, the Attorney General or the Secretary of Homeland Security has expressly consented to such alien's reapplying for admission.

I will now instruct you about the elements of this offense.

**REQUEST NO. 5**
**Count One: Illegal Reentry into the United States following**
**deportation – Elements of the Offense**

To sustain its burden of proof on the charge of illegal reentry following deportation, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant was an alien on or about the dates set forth in the Indictment;

<u>Second</u>, that prior to the time of the offense alleged in the Indictment, the defendant had been deported from the United States;

<u>Third</u>, that the defendant thereafter improperly entered or was found in the United States; and

<u>Fourth</u>, that the defendant had not received the express permission of the Attorney General or the Department of Homeland Security to apply for readmission.

Adapted from Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u>
<u>Instructions</u>, Instr. 33A-33.

-5-

**REQUEST NO. 6**
**Count One: Illegal Reentry into the United States following
deportation  – First Element, Alienage**

The first element that the Government must prove beyond a
reasonable doubt is that the defendant was an alien at the time of
the offense alleged in the indictment.  An alien is a person who is
not a citizen or a national of the United States.


Adapted from Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u>
<u>Instructions</u>, Instr. 33A-34.  <u>See</u> <u>also</u> 8 U.S.C. §
1101(a)(3).

**REQUEST NO. 7**
**Count One: Illegal Reentry into the United States following deportation – Second Element, Previous Deportation**

The second element that the Government must prove beyond a reasonable doubt is that prior to the time of the offense alleged in the Indictment, the defendant had been deported from the United States or departed the United States while an order of deportation was outstanding.

Deportation means removal from the United States by the immigration authorities.


Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 33A-25.

**REQUEST NO. 8**
**Count One: Illegal Reentry into the United States following**
**deportation   – Third Element, Reentry into the United States**

The third element that the Government must prove beyond a
reasonable doubt is that, at some time after his deportation or
removal, the defendant entered, attempted to enter, or was found in
the United States.

To enter the United States means to come into the United
States from a foreign port or place while free from official
restraint.  "Free from official restraint" means free from
observation or surveillance by government officials for any period
of time after one enters the United States until the time one is
apprehended or placed in custody.  To satisfy this element, the
Government must also prove that the defendant voluntarily entered
the United States. However, the Government does not have to prove
that the defendant knew that he was not allowed to enter the United
States.

To be found in the United States means to be located in
the United States following reentry.  The offense of being "found
in" the United States in violation of § 1326(a) is not complete
until the authorities both discover the illegal alien in the United
States after entry, and know, or with the exercise of diligence
typical of law enforcement authorities could have discovered, the
illegality of his presence.  If you find that the defendant was
found in the United States as charged in the Indictment, the

-8-

Government does not have to prove how the defendant entered the
United States.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 33A-36.  See United States v.
> Rivera-Ventura, 77 F.3d 277, 281-82 (2d Cir. 1995);
> United States v. Champegnie, 925 F.2d 54, 55 (2d Cir.
> 1991).

**REQUEST NO. 9**
**Count One: Illegal Reentry into the United States following deportation  - Fourth Element, Lack of Consent to Reenter**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant had not received the express permission of the Attorney General to apply for readmission.

To satisfy this element, the Government must prove that before leaving from a place outside the United States to enter the United States, the defendant did not obtain the express permission of the Attorney General of the United States or the Secretary of the United States Department of Homeland Security to apply for readmission to the United States.


Adapted from Sand, <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 33A-37.

**REQUEST NO. 10**
**Venue**

In addition to all of the elements I have just described for you the charged contained in the Indictment, you must also decide whether any act in furtherance of the crimes occurred within the Southern District of New York. I instruct you that the Southern District of New York includes Manhattan, the Bronx, and Westchester County, New York.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge that you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.
>
> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

-11-

**REQUEST NO. 11**
**The Defendant's Right Not to Testify**
**[If Requested By The Defendant]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Sand et al., Modern Federal Jury Instructions,
> Instr. 5-21.

-12-

**REQUEST NO. 12**
**Defendant's Testimony**
**[Requested Only If Defendant Testifies]**

As you saw, the defendant took the witness stand and
testified.  I have already instructed you on how you should
evaluate the credibility of the witnesses you have heard in this
case.  You should evaluate the defendant's testimony the same way
that you judge the testimony of the other witnesses in this case.

> Adapted from Sand, et al., Modern Federal Jury
> Instructions, Instr. 7-4; see United States v.
> Gaines, 457 F.3d 238, 240 (2d Cir. 2006)
> ("[W]e find error in the instruction that the
> defendant's interest in the outcome of the
> case created a motive to testify falsely, and
> we prohibit the use of such instructions in
> future trials.  We also express our
> disapproval of instructions that highlight a
> testifying defendant's deep personal interest
> in the outcome of a trial.  We recommend that
> a witness's interest in the outcome of the
> case be addressed in the court's general
> charge concerning witness credibility; if the
> defendant has testified, the trial court
> should tell the jury to evaluate the
> defendant's testimony in the same way it
> judges the testimony of other witnesses.")

-13-

**REQUEST NO. 13**
**Law Enforcement Witnesses**

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

-14-

REQUEST NO. 14
**Particular Investigative Techniques Not Required**
**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

-15-

**REQUEST NO. 15**
**Preparation of Witnesses**
**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Honorable Michael B. Mukasey in
United States v. Abdul Latif Abdul Salam, 98
Cr. 208 (MBM) (S.D.N.Y. 1999).

-16-

**REQUEST NO. 16**
**Expert Testimony**
**[If Applicable]**

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the

-17-

other evidence does not give you reason to doubt [his/her]

conclusions, you would be justified in placing great reliance on

[his/her] testimony.

> Adapted from the charge of Judge Pierre N.
> Leval in <u>United</u> <u>States</u> v. <u>Mucciante</u>, 91 Cr. 403
> (PNL) (S.D.N.Y. 1992) and from the charge of
> Judge Michael B. Mukasey in <u>United</u> <u>States</u> v.
> <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

**REQUEST NO. 17**
**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant [describe testimony:  <u>e.g.</u>, has a good reputation for honesty in the community where he lives and works and for truthfulness].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

> [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  <u>Pujana-Mena</u>, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[i]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  <u>Id</u>. at 30 (citations omitted).]

## REQUEST NO. 18
### Improper Considerations:
### Race, Religion, National Origin, Sex or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

> Adapted from the charges of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003); the charge of the Honorable Denny Chin in United States v. Olajide, 01 Cr. 365 (DC); and Sand, et al., Modern Federal Jury Instructions, Instr. 2-11.

-20-

**REQUEST NO. 19**
**Improper Considerations: Sympathy**

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and the law as I have charged it to you. It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

> Adapted from the charges of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003), and of the Honorable Denny Chin in United States v. Olajide, 01 Cr. 365 (DC).

**REQUEST NO. 20**
**Stipulations**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

In this case you have also heard evidence in the forms of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand et al., Modern Federal Jury Instructions,
Instr. 5-6 & 5-7.

**REQUEST NO. 21**
**Variance in Dates**

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and the testimony indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony.  The same goes for most of the other factual contentions in the Indictment.

Adapted from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).

**REQUEST NO. 22**
**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.  Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands,

-24-

and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.


Dated:    New York, New York
          January 20, 2008


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York


                   By:   /s/ Jeff Alberts
                        JEFF ALBERTS
                        DAVID S. LEIBOWITZ
                        Assistant United States Attorney
                        (212) 637-1038/1947