```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :       07 Cr. 1050 (DLC)

AUBREY POWELL,                  :

        Defendant.              :

- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

 

Michael J. Garcia
United States Attorney
Southern District of New York
Attorney for the United States
of America

JEFF ALBERTS
DAVID S. LEIBOWITZ
Assistant United States Attorneys
 - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

        - v. -                   :    07 Cr. 1050 (DLC)

AUBREY POWELL,                   :    Government's Proposed
                                      Examination of Prospective
             Defendant.          :    Jurors

- - - - - - - - - - - - - - - - x
```

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Government also requests that the Court pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer to any question reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

**I.      The Charges**

1.   This is a criminal case. The defendant, AUBREY POWELL, has been charged in an indictment with violating the federal immigration laws.

2.   The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to

the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge contained in the Indictment in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

      3.    The Indictment consists of one count.  Count One charges that AUBREY POWELL, the defendant, is an alien who was deported from the United States and subsequently re-entered the United States and was found in the United States, without having obtained the permission of the Attorney General or the Department of Homeland Security to re-enter the United States.

      4.    Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

II.    **Ability to Render a Fair and Impartial Verdict**

      5.    Have you or any of your close friends or family ever had any personal experiences with the Department of Homeland Security, Immigration and Customs Enforcement, the former INS, or the United States immigration laws? What were those experiences?

      6.    Have any of you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to the immigration policies of the United States?  If so, when and what did you do?

7. Have any of you ever supported or belonged to any organizations involved in such work?

8. Do any of you believe that it should not be a crime for a person who is not a United States citizen or national, and who was previously deported from the United States, to reenter the United States without permission?

9. Do any of you believe that the law governing this crime should not be enforced?

10. Do any of you have any opinions about the enforcement of the federal immigration laws?

11. As you can tell, during the trial, you will hear evidence concerning deportation and reentry into the United States. Does the fact that the charge involves deportation and reentry into the United States make it difficult for any of you to render a fair verdict?

12. Have you been involved in an offense or alleged offense involving the United States immigration laws?

13. Has a relative, close friend, or associate of yours ever been involved in an offense or alleged offense involving the United States immigration laws?

**III.**     **Law Enforcement Witnesses**

14.     The witnesses in this case will include a Special Agent from the United States Department of Homeland Security, Immigration and Customs Enforcement.  Would any of you be more likely to believe a witness merely because he or she is an Agent of the Department of Homeland Security?  Would any of you be less likely to believe a witness merely because he or she is an Agent of the Department of Homeland Security?  Does anyone have any personal feelings or experiences concerning the Department of Homeland Security that would in any way affect their ability to be fair and impartial in this case?

**IV.**     **Knowledge of the Trial Participants**

15.    The defendant named by the Government in this case is AUBREY POWELL. [*Please ask the defendant to stand*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

16.    To your knowledge, do any of your relatives, friends, associates, or employers know the defendant, or any relatives, friends or associates of the defendant?

17.    AUBREY POWELL is represented by Mark Gombiner of Federal Defenders of New York, Inc. [*Please ask counsel to stand*.]  Do any of you know Mr. Gombiner, or anyone that he works

with?  Have any of you or your family members or close friends had dealings, either directly or indirectly, with Mr. Gombiner or Federal Defenders of New York?

      18.  The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jeff Alberts and David Leibowitz.  [*Please ask counsel to stand*.]  Do any of you know Mr. Garcia, Mr. Alberts, or Mr. Leibowitz?  Have you or your family members or close friends had any dealings either directly or indirectly with them?

      19.  I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.

        [*A list will be provided to the Court in advance of jury selection.*]

Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?  Have your relatives, friends, associates, employers or employees had any dealings with any of these individuals?

      20.  Does anyone know any of the other potential jurors?

**V.**     **Relationship with Government**

21.  Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Department of Homeland Security, Immigration and Customs Enforcement?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

22.  Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against the Department of Homeland Security, Immigration and Customs Enforcement or the United States Attorney's Office, or any other law enforcement agency?

23.  Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?  Has any juror, or any member of a juror's family, ever had such a dispute concerning payment of money owed to you by the government?

**VI.**     **<u>Prior Jury Service</u>**

24.   Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court?  If so, when and where did you serve?  If yes, were you the foreperson?

25.   Have you ever served as a juror in any court?  If so, were you the foreperson?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without saying what it was, did the jury reach a verdict?  Do you think the outcome was fair?

**VII.**    **<u>Experience as a Witness, Defendant, or Crime Victim</u>**

26.   Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

27.   Have you ever been a witness or a complainant in any federal or state prosecution?

28.   Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

29. Have you, or has any member of your family, any associate, or close friend, ever been charged with a crime?

30. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

31. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any juror who answers affirmatively, the Government respectfully requests that the Court inquire, at the bench or in the robing room, into the circumstances of each crime.*]

**VIII.   Other Questions**

32. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

33. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

34. Do any of you have any difficulty in reading or understanding English?

35. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

36. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

### IX.     Function of the Court and Jury

37. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

38. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

39. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

40. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**X.**     **Other Biases**

41. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

**XI.     Juror's Background**

42. The Government respectfully requests that the Court ask each juror to state the following information:

      a.      the juror's age;

      b.      the area in which the juror resides and any other area the juror has resided during the last ten years;

      c.      where the juror was born;

      d.      the juror's educational background, including the highest degree obtained;

      e.      whether the juror has served in the military;

      f.      the juror's occupation;

      g.      the name and location of the juror's employer, and the period of employment with that employer;

      h.      the name and location of other employment within the last five years;

      i.      the name and location of employers with respect to the juror's spouse and any working children;

      j.      what newspapers and magazines the juror reads and how often;

      k.      what television programs the juror regularly watches; and

      l.      the juror's hobbies and leisure-time activities.

## XII.  Requested Instruction Following Impaneling of the Jury

43.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

44.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:      New York, New York
            January 20, 2008

                                    Respectfully submitted,

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York


                               By:  __/s/ Jeffrey Alberts_____
                                    JEFFREY ALBERTS
                                    DAVID S. LEIBOWITZ
                                    Assistant United States Attorney
                                    (212) 637-1038/1947

**CERTIFICATE OF SERVICE**

DAVID LEIBOWITZ deposes and says that he is employed in the office of the United States Attorney for the Southern District of New York,

And that on January 20, 2008, he caused a copy of the Government's Proposed Examination of Jurors to be served, via electronic case filing, upon:

>Mark Gombiner, Esq.
>Federal Defenders of New York, Inc.
>52 Duane Street
>Tenth Floor
>New York, NY 10007
>(212) 417-8718

I declare under penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated:   New York, New York
         January 20, 2008

>         /s/ David Leibowitz
>         DAVID S. LEIBOWITZ
>         Assistant U.S. Attorney